United States District Court
Southern District of Texas

**ENTERED**

December 29, 2023

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| Beatriz Enriquez, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action M-23-244 |
| | § | |
| Meridian Security Insurance | § | |
| Company | § | |
| *Defendant.* | § | |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 3. Pending before the court is Plaintiff's Motion to Remand, ECF No. 4. The court recommends that the motion to remand be **GRANTED**.

### 1. Background

According to Plaintiff Beatriz Enriquez's state court petition, Defendant Meridian Security Insurance Company provided insurance coverage for Enriquez's property in Edinburg, Texas. ECF No. 1-4 at 3. Enriquez submitted a claim under her policy after her property was damaged during a windstorm event on May 19, 2021. *Id.* Meridian refused to pay the claim, so Enriquez sued Meridian in state court for breach of contract, violations of the Deceptive Trade Practices Act (DTPA), unfair insurance practices, breach of the duty of good faith and fair dealing, and delay in payment under the insurance code. *Id.* at 3–4, 6, 9, 10.

Enriquez seeks recovery for attorney's fees, costs, mental anguish, statutory penalties, interest, and punitive damages, among others. ECF No. 1-4 at 12–13. In her petition, in addition to stating that she seeks less than $250,000 in damages, she also states "[s]pecifically, PLAINTIFF seek[s] damages of monetary relief of no more than $75,000." *Id.* at 1. Attached to Enriquez's

state court petition is a document titled "estipulación vinculante de daños[.]" *Id.* at 15 (all-caps omitted). The document is entirely in Spanish, and there is no English translation. However, Enriquez, in her motion to remand, describes the contents of the document and attaches a copy of it to her motion. She states that:

> The amount in controversy does not exceed $75,000.00 because the Plaintiff has filed a Stipulation of Damages, whereby the Plaintiff stipulates that the total sum or value in controversy does not exceed $75,000.00. Furthermore, the Plaintiff will not accept an amount that exceeds $75,000.00. A copy of this Stipulation as to Damages is attached as Exhibit "C."

ECF No. 4 at 1. Defendant has provided no evidence to demonstrate that Enriquez's characterization of the Spanish stipulation is incorrect.

Despite Enriquez's statement in her Petition that she would not seek more than $75,000, Meridian removed the case based on diversity jurisdiction on the ground that the amount in controversy exceeds $75,000. ECF No. 1 at 3–4.

### 2. *Legal Standards*

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

28 U.S.C. § 1332(a)(1). The amount in controversy is ordinarily determined based on "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). There are two exceptions, however. The notice of removal may assert the amount in controversy if the initial pleading seeks: (1) nonmonetary relief, or (2) a money judgment, but state law does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. *Id.* § 1446(c)(2)(A)(i)–(ii). If an exception applies, removal is proper if the district court "finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000.]" 28 U.S.C. § 1446(c)(2)(B).

### 3. Analysis

The only disputed issue is whether the amount in controversy exceeds $75,000. *See* ECF No. 4 at 1. At the time of removal, Enriquez's petition stated that she "seek[s] damages of monetary relief of no more than $75,000.00." ECF No. 1-4 at 1. The "general rule [is] that 'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'" *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1056 (quoting 28 U.S.C. § 1446(c)(2)); *see also Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (citation omitted) ("If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith.").

Prior to the Fifth Circuit's decision in *Durbois*, many district and magistrate judges within this circuit, the undersigned included, relied on *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995), to conclude that Texas does not permit the pleading of a specific amount of damages and that doing so indicated a bad faith attempt to circumvent federal jurisdiction. *Durbois* clarified that the 2013 amendments to Texas Rule of Civil Procedure 47 allow plaintiffs to specify a specific sum and that doing so is not in bad faith. *Durbois,* 37 F.4th at 1059–60. The

3

court explained that the plaintiff is the master of his complaint and "There's nothing wrong with a plaintiff's desire to litigate his claims in state court. Those courts are generally the equals of federal ones, and when it comes to questions of state law specifically, the state courts are superior." *Id.* at 1060 (citation omitted). Because Enriquez pleaded the amount in controversy to be no more than $75,000, that amount controls unless one of the exceptions applies, in which case Defendant bears the burden of proving that the amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B).

The court need not engage in an analysis of whether one of the exceptions under 28 U.S.C. § 1446(c)(2)(A) applies because Meridian has failed to carry its burden to demonstrate by a preponderance of the evidence that the amount in controversy is greater than $75,000.

It is well settled that a plaintiff may stipulate to an amount in controversy less than the jurisdictional minimum and thus avoid removal. *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 595 (2013) (citation omitted). Such a stipulation must be filed before removal because a post-removal stipulation is generally ineffective to establish the amount in controversy.[1] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted) ("If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

In this case, Enriquez filed a stipulation before removal, but it is in Spanish. ECF No. 1-4 at 15. Meridian argues that a Spanish stipulation without a proper translation must be disregarded. ECF

---

[1] The court disregards Enriquez's post-removal stipulation, ECF No. 9.

No. 5 at 3–4. There is a difference here, which makes this case a bit unique. Enriquez attached a copy of the Spanish stipulation to her Motion to Remand and made a representation to the court about its meaning. She stated:

> The amount in controversy does not exceed $75,000.00 because the Plaintiff has filed a Stipulation of Damages, whereby the Plaintiff stipulates that the total sum or value in controversy does not exceed $75,000.00. Furthermore, the Plaintiff will not accept an amount that exceeds $75,000.00. A copy of this Stipulation as to Damages is attached as Exhibit "C."

ECF No. 4 at 1.

The court may rely on statements a party makes in a brief characterizing or clarifying what that party's pre-removal intentions were. In *Durbois*, the court stated that it took "Durbois's statement in his brief that he 'stipulated to be *bound* to total damages less than the jurisdictional threshold' as ample clarification of . . . the stipulations." *Durbois*, 37 F.4th at 1061–62. Taken together, Enriquez's pleading requesting no more than $75,000 in total damages, her Spanish stipulation, and her statement in her brief that the intention of the stipulation was to accept no more than a total of $75,000 in damages satisfies the court that the amount in controversy is less than the jurisdictional minimum.

The court also notes that it is the defendant's burden to demonstrate that the amount in controversy exceeds $75,000. Meridian has not contradicted Enriquez's characterization of the Spanish stipulation. Meridian does cite Enriquez's pre-removal demand, which was higher than the jurisdictional minimum. Enriquez's statements to this court that she stipulated in state court never to seek more than $75,000, which the court relies upon quite heavily here, will prevent Enriquez from obtaining anything more than she promised to seek. Thus, the demand letter does not

establish the amount in controversy. In any event, to the extent that there is any doubt about whether remand is appropriate, those doubts are to be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

Again, the court emphasizes its reliance on Enriquez's statements to this court that she does not now seek, and did not seek in state court, and will not ever accept a monetary sum greater than $75,000. The court takes Enriquez to mean that she will not seek to amend her petition in state court to seek a greater amount and will not oppose any reduction of a jury verdict in excess of that amount to conform with her pleadings and her promises to this federal court.

### 4. Conclusion

For the foregoing reasons, the court recommends that Plaintiff's Motion to Remand, ECF No. 4, be **GRANTED** and that this case be remanded to the County Court at Law Number Four in Hidalgo County, Texas.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on December 29, 2023.

_____
Peter Bray
United States Magistrate Judge